```
```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGIONAL AIR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-08-342-C |
| ) | |
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff purchased an insurance policy from Defendant to provide coverage on a vehicle it owned. When the vehicle was damaged, Plaintiff sought recovery from Defendant. A dispute arose regarding the amount which Plaintiff should recover. Plaintiff then filed suit in the District Court of Comanche County, Oklahoma. Defendant sought dismissal of the Comanche County case arguing Plaintiff failed to submit a formal proof of loss and failed to pursue the appraisal process provided by the policy. Plaintiff, on the other hand, argued that Defendant had failed to timely demand application of the policy's appraisal process and failed to comply with the terms of the insurance contract. The Comanche County judge denied the motion to dismiss, and directed the appraisal process to be completed within 60 days. Plaintiff sought to vacate the portion of the order requiring application of the appraisal process. The Comanche County judge denied that motion.

Eventually, Plaintiff dismissed the Comanche County suit and refiled its action in this Court. Once here, Defendant requested the Court to affirm the umpire's award. On August 14, 2008, the Court entered an Order rejecting Plaintiff's challenges to the use of

the appraisal process and recognizing the umpire's award as having arisen from that process. In its Order, the Court acknowledged that Plaintiff had the right to contest the validity of the award as outlined in Aetna Insurance Co. v. Jester, 1913 OK 45, 132 P. 130; and Aetna Insurance Co. v. Murray, 66 F.2d 289 (10th Cir. 1933). The Court noted Plaintiff could challenge the umpire's award if it could establish by "clear and convincing evidence . . . fraud, gross mistake, misconduct of the appraisers, or their failure to perform the duties committed to them by the agreement of submission." Murray, 66 F.2d at 290.

The parties have now filed what amount to cross-motions for summary judgment arguing this very issue, i.e. whether the umpire's award was the result of fraud, gross mistake, or misconduct by the umpire. Defendant argues this issue is equitable in nature and must be decided by the Court. Defendant's argument is not well taken. First, Defendant's reliance on Murray as establishing the equitable nature of the claim is misplaced. The only suggestion of the claim being equitable in Murray was injected by the plaintiff in that case on appeal. The Circuit rejected the suggestion as being untimely raised. Id. at 290. The Circuit never made any findings about the nature of the claim. Id. Defendant analogizes to arbitration cases and relies on decisions in those cases that hold that the decision to set aside an arbitration award is a matter of equity.

Before Plaintiff is entitled to have the umpire's award set aside, it must prove by clear and convincing evidence that the award was entered by fraud, gross mistake, or misconduct.

"Fraud is a question of fact to be determined by a jury upon the presentation of evidence of each element of fraud." Silk v. Phillips Petroleum Co., 1988 OK 93, ¶ 13, 760 P.2d 174, 177.  Although there is no clear law on the issues of gross mistake or misconduct as jury issues, it is clear that because these questions are founded on concepts of heightened negligence that they too must be decided by a jury.  See Foster v. Emery, 1972 OK 38, ¶ 17, 495 P.2d 390, 393 ("As a practical matter, it may be said that it is rarely proper for the court, as opposed to the jury, to decide that a given course of conduct [d]oes amount to wantonness or wanton conduct.").  Whether or not there was conduct by which the umpire's award should be set aside is a question for the jury.  Defendant's motion will be denied on this issue.

Both parties argue that the evidence on the existence of fraud, gross mistake, or misconduct points in their favor and thus the Court should enter judgment.  The Court disagrees.  While Plaintiff has produced evidence from which a reasonable jury could find the award was improperly made, that evidence is not so one-sided as to mandate judgment in favor of Plaintiff.  Both parties' motions will be denied on this issue.

Defendant argues that Plaintiff cannot proceed on its claims of bad faith.  According to Defendant, the nature of the dispute is a difference of opinion regarding whether the truck was repairable or was a total loss.  Unable to resolve this difference, the parties implemented the appraisal process outlined in the insurance policy. Relying on Christian v. American Home Assurance Co., 1977 OK 141 ¶ 21, 577 P.2d 899, Defendant argues it

is not bad faith if the insurer has a reasonable disagreement with its insured. In its objection, Plaintiff complains of errors in Defendant's evaluation of the value of the truck. Even accepting these allegations as errors, the Court finds Plaintiff cannot establish a viable bad faith claim. Relying on Oklahoma law, the Tenth Circuit has held:

> The insurer does not breach this duty by refusing to pay a claim or by litigating a dispute with its insured if there is a "legitimate dispute" as to coverage or amount of the claim, and the insurer's position is "reasonable and legitimate." Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984); see also Christian v. American Home Assurance Co., 577 P.2d 899, 903-04 (Okla. 1978). Rather, to prove a breach of the duty of good faith and fair dealing the insured must show by a preponderance of the evidence that the insurer failed to treat the insured fairly or that it tried to make the insured "surrender his policy or disadvantageously settle a nonexistent dispute." Fletcher v. Western Nat'l Life Ins. Co., 10 Cal.App.3d 376, 89 Cal.Rptr. 78, 92 (1970), quoted in Christian, 577 P.2d at 901; see also Timmons, 653 P.2d at 913.

Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989). Here, Plaintiff's evidence demonstrates nothing more than a legitimate dispute about the value of the truck at the time payment was tendered. Thus, Plaintiff's bad faith claim cannot proceed. To the extent Plaintiff complains about the actions or inactions of the umpire, that conduct cannot be attributed to Defendant. The umpire was an independent entity who acted on behalf of neither party. Defendant is entitled to judgment on Plaintiff's claims of bad faith.

The entry of judgment in favor of Defendant on the bad faith claim moots Defendant's request to bifurcate the trial.

As set forth more fully herein, Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 40) is DENIED. Defendant's Motion for Judgment as a Matter of Law and

Motion to Specifically Enforce Confirmed Appraisal Award or in the Alternative Motion to Bifurcate Issues for Trial (Dkt. No. 38) is GRANTED in part and DENIED in part. A separate judgment will issue at the close of these proceedings.

    IT IS SO ORDERED this 22nd day of January, 2009.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge