**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| REGIONAL AIR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-342-C |
| ) | |
| CANAL INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS

COMES NOW the Defendant, Canal Insurance Company, by and through counsel, who submits the following requested jury instructions.

Respectfully submitted,

NIEMEYER, ALEXANDER,
AUSTIN & PHILLIPS, P. C.

By   Harris A. Phillips
Harris A. Phillips, OBA No. 14134
Three Hundred North Walker
Oklahoma City, Oklahoma  73102-1822
Telephone:  (405) 232-2725
Facsimile:  (405) 239-7185
E-mail:  harrisphillips@niemeyerfirm.com
***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

 I hereby certify that on January 26, 2009, I electronically transmitted the attached document to the clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Edward W. Dzialo, Jr.
Godlove, Mayhall, Dzialo, Dutcher & Erwin
802 "C" Avenue
P. O. Box 29
Lawton, OK  73502
E-Mail:  ewd@gmdde.com

**Attorneys for Plaintiff**

             s/Harris A. Phillips_____
             Harris A. Phillips

Defendants Requested Instruction No. _____

## ALL PERSONS EQUAL BEFORE THE LAW—ORGANIZATIONS

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations, and other organizations stand equal before the law, and are to be treated as equals.

O'Malley, Grenig and Lee, 103.12

Defendants Requested Instruction No. _____

## STATEMENT OF THE CASE

The parties to this case are Regional Air, Inc., the Plaintiff, and Canal Insurance Company, the Defendant.

The parties agree that a 2000 Volvo truck owned by Regional Air was damaged in an accident that occurred on June 13, 2001, in Rapides Parrish, Louisiana. Canal provided physical damage insurance covering the subject truck, so Canal hired an appraiser/adjuster, Mike England, to determine the cost of repairs to the truck. Plaintiff disagreed with Mr. England's determination and a dispute arose. During the course of the parties' dispute Canal demanded appraisal under the terms of the subject insurance policy. Canal appointed as its appraiser Mike England and Plaintiff appointed Hugh Currey as its appraiser. The appraisers did not agree on the amount of the loss, so the District Court of Comanche County selected Mark Oldham as the umpire. Mr. Oldham made his own analysis of the damage to Plaintiff's truck. The appraisal process was completed when Mr. England agreed with Mr. Oldham's determination of the cost of repairing the damages. The decision of the umpire was memorialized in an Award executed on February 7, 2008. This Court has confirmed that the appraisal Award was made by the umpire, appointed by the Comanche County Court, and arose from the completion of the appraisal process set forth in the subject insurance policy. The Court left open the possibility that Plaintiff could challenge the validity of the award as having been reached by fraud, gross mistake or misconduct.

Plaintiff claims:

That the appraisal Award was reached by gross mistake and/or misconduct so the award should be set aside.

Defendants Requested Instruction No. _____

    Defendant:

    Denies the claims of the Plaintiff and states that the appraisal Award should not be set aside.

    These are these issues you must determine.

OUJI 2.1

Defendants Requested Instruction No. \_\_\_\_\_

## BURDEN OF PROOF- CLEAR AND CONVINCING EVIDENCE

In a civil lawsuit, such as this one, the law provides which party is to prove certain things to you. This is called "Burden of Proof."

When I say that a party has the burden of proving any proposition by clear and convincing evidence, I mean that you must be persuaded, considering all the evidence in the case, that the proposition on which the party has this burden of proof is highly probable and free from serious doubt.

OUJI 3.2

Defendants Requested Instruction No. _____

# EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

O'Malley, Grenig and Lee, 103.30

Defendants Requested Instruction No. _____

## "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE—DEFINED

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

O'Malley, Grenig and Lee, 104.05

Defendants Requested Instruction No. _____

## NO SPECULATION

Your decision must be based upon probabilities, not possibilities. It may not be based upon speculation or guesswork.

OUJI 3.3

Defendants Requested Instruction No. _____

## DETERMINING CREDIBILITY [BELIEVABILITY] OF WITNESS

You are the sole judges of the believability of each witness and the value to be given the testimony of each. You should take into consideration the witness's means of knowledge, strength of memory and opportunities for observation. Also consider the reasonableness and consistency or inconsistency of the testimony.

You should also consider the bias, prejudice, or interest, if any, the witness may have in the outcome of the trial, the conduct of the witness upon the witness stand, and all other facts and circumstances that affect the believability of the witness.

OUJI 3.13

Defendants Requested Instruction No. _____

## **EXPERT WITNESS**

There has been introduced the testimony of witnesses who are represented to be skilled in certain areas. Such witnesses are known in law as expert witnesses. You may consider the testimony of these witnesses and give it such weight as you think it should have, but the value to be given their testimony is for you to determine. You are not required to surrender your own judgment to that of any person testifying as an expert or otherwise. The testimony of an expert, like that of any other witness, is to be given such value as you think it is entitled to receive.

OUJI 3.21

Defendants Requested Instruction No. _____

## JUDGE'S COMMENTS ON CERTAIN EVIDENCE

The law permits a federal judge to comment to the jury on the evidence in the case. Such comments are only the expression of my opinion as to the facts and you may disregard them entirely. You are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict in this case.

Although you must follow my instructions about the law applicable to this case, you are totally free to accept or reject my observations concerning the evidence received in this case.

O'Malley, Grenig and Lee, 102.73

Defendants Requested Instruction No. _____

## SETTING ASIDE APPRAISAL AWARD

A party seeking to set aside an appraisal Award has the burden of proving by clear and convincing evidence that the Award was reached by gross mistake or misconduct.

*Aetna v. Murray*, 66 F. 2d 289, 290 (10th Cir. 1933)

Defendants Requested Instruction No. _____

## GROSS MISTAKE DEFINED

Gross mistake is a mistake which is beyond all allowance, not to be excused, flagrant, shameful, and that which brings about a great injustice. Proof of incompetency or negligence is insufficient to prove gross mistake. It is never presumed and cannot be inferred from facts consistent with honesty of purpose.

*Antrim Lumber Co. v. Bowline*, 460 P.2d 914, 924 (OK 1969)

Defendants Requested Instruction No. _____

## MISCONDUCT DEFINED

Misconduct is a transgression of some established and definite rule of action. It is a forbidden act, a dereliction from duty, or unlawful behavior that is willful in character. Misconduct is something more than negligence or carelessness.

Black Law Dictionary, Fifth Edition