## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REGIONAL AIR, INC. ) | |
|         Plaintiff, ) | |
| v. ) | Case No. CIV-08-342-C |
| ) | |
| CANAL INSURANCE COMPANY ) | **February 9, 2009 Trial Docket** |
|         Defendant. ) | |

### FINAL PRETRIAL REPORT

All counsel who will appear at trial:

| | |
|---|---|
| Appearing for Plaintiff: | Edward W. Dzialo, Jr.<br>Godlove, Mayhall, Dzialo, Dutcher & Erwin, P.C. |
| Appearing for Defendant: | Harris A. Phillips, Linda G. Alexander<br>Niemeyer, Alexander, Austin & Phillips, P.C. |

### Jury Trial Demanded x - Non-Jury Trial ☐

1. **BRIEF PRELIMINARY STATEMENT**. On April 19, 2001, the Defendant executed and delivered to Plaintiff in Lawton, Oklahoma policy #A332408 insuring a 2000 Volvo tractor. On June 13, 2001, the 2000 Volvo tractor was involved in a collision.

Defendant hired Aero Adjustment Bureau to determine the amount of the loss. Plaintiff disagreed with Aero Adjustment Bureau's determination and a dispute arose.

On March 21, 2003, Plaintiff made a demand upon Defendant for $94,211.00 on the 2000 Volvo tractor. The Defendant treated the letter as a submission of a proof of loss and invoked the policy appraisal process on or about April 15, 2003. Plaintiff filed a lawsuit in the District Court of Comanche County on June 11, 2003.

Plaintiff and Defendant each appointed an appraiser. The District Court of Comanche County selected Mark Oldham as the umpire. The appraisal process was completed when Defendant's appraiser and Mr. Oldham executed an appraisal Award. Plaintiff seeks to vacate the Award.

2. **JURISDICTION**. Plaintiff is a corporation incorporated in Oklahoma and has its principal place of business in Oklahoma. Defendant Canal Insurance Company is a corporation incorporated in a South Carolina and has its principal place of business in

South Carolina. Federal jurisdiction is predicated on diversity of citizenship, 28 U.S.C. §1332.

3.  **STIPULATED FACTS**.

    A.  Jurisdiction
    B.  Venue

4.  **LEGAL ISSUES**.

    Plaintiff
    A.  Can Plaintiff recover consequential damages for storage expenses if the appraisal award is not vacated?

    B.  Plaintiff contends that the evidentiary standard of "Greater Weight of the Evidence" is applicable to vacating the appraisal award. (*Camden Fire Ins. Ass'n v. Walker* et. al., 238 P.462 (Okl. 1925).

    C.  Plaintiff contends that the appraisal award can be vacated or set aside on **one** or more of the following grounds:

        a)  The appraisal award was unfairly made;
        b)  There was a mistake in the appraisal award;
        c)  There was misconduct in the appraisal proceedings or the appraisal award;
        d)  If Plaintiff's appraiser was not provided an opportunity to introduce evidence;
        e)  Failure to perform their duties.

    D.  Plaintiff's Motion in Limine

    AUTHORITY:

    **Camden Fire Ins. Ass'n v. Walker et. al.** 238 P. 462 (Okl. 1925)
    **Aetna Ins. Co. v. Jester** 132 P.130 (Okla 1913)
    **Mercantile Insurance Co. et. al. v. Murray** 43 P.2d 451 (Okla 1935)
    **Aetna Ins. Co. v. Murray** 66 F.2d 289 (10th Cir. 1933)
    **Milwaukee Mechanics' Ins. Co. et al. v. Sewell** 168 P.660 (Okl. 1916)

    Defendant
    A.  Evidentiary issues contained within the Motion in Limine filed by Defendant.

    B.  Based on the Court's statement in its January 22, 2009 order [Doc. No.

55] that "the only issue for decision by the jury is the propriety of the umpire's award", is Plaintiff entitled to simultaneously present its "breach of contract" claim for benefits under the subject insurance policy?

5. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

   A. <u>Plaintiff</u>:

   Canal Insurance Company's authorized agent, Aero Adjustment Bureau, intentionally under-adjusted Plaintiff's claim in that it failed to include numerous items of damage including, but not limited to engine and transmission damage together with wrecker and storage bills. Defendant's appraisal was based on a 1999 Volvo when Defendant knew that Plaintiff's vehicle was a 2000 model. Notwithstanding this, the Defendant did nothing to correct the valuation of the claim and maintained the untenable position that the 2000 Volvo tractor was repairable when, in fact, it was a constructive total loss. The Defendant waived a formal proof of loss and issued the settlement draft. If accepted, the negotiation of the draft and execution of the "Proof of Loss, Settlement and Subrogation Agreement would have discharged the policy claim even though the engine had not been checked. When Defendant received Plaintiff's demand for the policy limits for the 2000 Volvo tractor, Canal Insurance Company invoked the policy appraisal process on April 15, 2003. The appraisal process was not fairly conducted and the appraisal award is subject to being vacated by virtue of mistake and misconduct of Defendant's appraiser and the umpire.

   B. <u>Defendant</u>:

   Defendant Canal Insurance Company contends that Mike England conducted a valid and reasonable appraisal of the damage to Plaintiff's truck under the circumstances. Plaintiff would not allow the truck to be moved to repair facility so that an additional engine inspection could be completed and repairs undertaken, even though Canal agreed to advance the funds necessary to cover all towing and storage bills. Plaintiff disagreed with Canal's appraisal but did not initially submit a Proof of Loss covering the subject truck. When Plaintiff did, eventually, submit a Proof of Loss, Canal requested that the parties' differences be resolved by the appraisal process provided in the subject insurance policy. Because the appraisers appointed by each party did not agree, the Court appointed an umpire from a list of potential candidates submitted by Plaintiff. With the umpire, the appraisal process was completed and an Award made, but plaintiff has refused to accept the determination of the appraisers. This Court has confirmed that the appraisal Award was made by the umpire and arose from the completion of the appraisal process set forth in the subject insurance policy. The Court left open the possibility that Plaintiff could challenge the validity of the award as having been reached by fraud, gross mistake or

misconduct. Plaintiff's challenge should be rejected and the appraisal should be given final confirmation as the determination of the amount of Plaintiff's damages/loss.

6.  EXHIBITS.

    A.  Plaintiff:

| Number | Title/Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Policy #A332408 issued to Plaintiff by Canal Insurance Company. | | |
| 2. | Pictures of 2000 Volvo tractor and trailer. | Relevance as to trailer; Relevance and hearsay as to writings on or accompanying photos | 402, 403, 801, 802 |
| 3. | Pictures of accident scene. | Relevance, hearsay as to writings on or accompanying photos | 402, 403, 801, 802 |
| 4. | Appraisal report of Aero Adjustment Bureau. | | |
| 5. | Wrecker, towing and storage bills. | Relevance, hearsay as to bills after 7-13-2001 | 402, 403, 801, 802 |
| 6. | Loss Notice dated June 14, 2001 and fax cover sheet from Canal Insurance Company to Aero Adjustment. | Relevance | 402, 403 |
| 7. | Letter from Aero Adjustment Bureau to Canal Insurance Company dated 19 June 2001. | Relevance | 402, 403 |
| 8. | Appraisal Report of Aero Adjustment Bureau dated June 21, 2001. | | |
| 9. | Letter and Enclosures from Aero Adjustment Bureau to Canal Insurance Company dated July 31, 2001. | | |

| 10. | Claims Information Report dated 8/2/01. | Relevance, hearsay | 402, 403, 801, 802 |
|---|---|---|---|
| 11. | Letter and Enclosures from Aero Adjustment Bureau to Regional Air dated August 2, 2001. | Relevance | 402, 403 |
| 12. | Canal Insurance Company's draft request dated 8/1/01 and draft number 885056. | Relevance | 402, 403 |
| 13. | Letter from Regional Air, Inc. to Michael L. England dated August 7, 2001. | Relevance | 402, 403 |
| 14. | Letter from Aero Adjustment Bureau to Regional Air dated June 19, 2001. | Relevance | 402, 403 |
| 15. | Letter and enclosures from Canal Insurance Company to Plaintiff's counsel dated April 15, 2003. | Relevance | 402, 403 |
| 16. | Letter and Repair Estimate by Southwest Claims dated September 19, 2002. | Relevance, improper opinion evidence, hearsay | 402, 403, 702, 801, 802; Fed. R.Civ.Proc. 26(a), 37(c) |
| 17. | Letter from Aero Adjustment Bureau to Ray Cunningham dated August 8, 2001. | Relevance | 402, 403 |
| 18. | Pleadings regarding appraisal process in the District Court of Comanche County (CJ-2003-511). | Relevance, hearsay as to many documents | 402, 403, 408, 801, 802 |
| 19. | Payoff Statement issued by CitiCapital Commercial Corporation regarding 2000 Volvo tractor and cashier's check tendered by Regional Air, Inc. | Relevance, hearsay | 402, 403, 801, 802 |
| 20. | Appraisal award dated January 28, 2008, signed by Mark L. Oldham and Michael L. England. | | |
| 21. | All of Defendant's exhibits not objected to by Plaintiff. | Objections reserved until specific document identified | |

| 22. | Any admissible exhibit listed by Defendant. | Objections reserved until specific document identified | |
| 23. | Any admissible evidence obtained through ongoing discovery. | Objections reserved until specific document identified | |

    B.    <u>Defendant</u>:

| Number | Title/Description | Objection | Federal Rule of Evidence Relied Upon |
|---|---|---|---|
| 1. | Policy No. A332408 | | |
| 2. | Accord Automobile Loss Notice | | |
| 3. | June 19, 2001, correspondence from Charles England to Regional Air. | | |
| 4. | Photographs of subject truck taken by Mike England | | |
| 5. | Invoice from Northside Towing for load. | Relevance Hearsay | 402, 403 801, 802 |
| 6. | Invoice from Northside Towing for truck. | | |
| 7. | Invoice from Northside Towing for trailer. | Relevance Hearsay | 402, 403 801, 802 |
| 8. | Mike England's damage appraisal for subject truck. | Hearsay Improper opinion evidence | 801, 802 602 |
| 9. | Truck inspection | | |
| 10. | July 31, 2001 correspondence from Mike England to Canal. | Improper Opinion evidence Hearsay | Rule 26 FRCP, 602 801, 802 |
| 11. | Check No. 885056 | | |
| 12. | August 2, 2001 correspondence from Mike England to Regional Air with attachments. | | |

| | | | |
|---|---|---|---|
| 13. | August 7, 2001 correspondence from Ray Cunningham to Mike England. | | |
| 14. | August 8, 2001 correspondence from Mike England to Ray Cunningham with attachments. | | |
| 15. | September 5, 2001, correspondence from Mike England to Canal. | Relevance Hearsay | 402, 403 801, 802 |
| 16. | September 5, 2001, correspondence from City Capital to Mike England. | Relevance Hearsay | 402, 403 801, 802 |
| 17. | September 6, 2001, correspondence from Mike England to Canal. | Relevance Hearsay | 402, 403 801, 802 |
| 18. | September 6, 2001 correspondence from Mike England to City Capital. | Relevance Hearsay | 402, 403 801, 802 |
| 19. | September 12, 2001 correspondence from Mike England to Canal. | Relevance Hearsay | 402, 403 801, 802 |
| 20. | September 14, 2001 correspondence from Mike England to City Capital. | Relevance Hearsay | 402, 403 801, 802 |
| 21. | October 15, 2001 correspondence from Mike England to Canal with attachments. | Relevance Hearsay | 402, 403 801, 802 |
| 22. | November 9, 2001 correspondence from Mike England to Canal. | Relevance Hearsay | 402, 403 801, 802 |
| 23. | November 12, 2001 correspondence from Mike England to Canal with attachments. | Relevance Hearsay | 402, 403 801, 802 |
| 24. | November 13, 2001 correspondence from Mike England to City Capital. | Relevance Hearsay | 402, 403 801, 802 |

| | | | |
|---|---|---|---|
| 25. | November 29, 2001 correspondence from Mike England to Canal. | Relevance Hearsay | 402, 403 801, 802 |
| 26. | March 7, 2002 correspondence from Mike England to Canal. | Relevance Hearsay | 402, 403 801, 802 |
| 27. | August 19, 2002 correspondence from Thomas Stewart to Regional Air. | Relevance | 402, 403 |
| 28. | March 21, 2003 correspondence from Ed Dzialo to Canal with attachments. | Offer of settlement | 408 |
| 29. | March 28, 2003 correspondence from Mike England to Canal with attachments. | Relevance Hearsay | 402, 403 801, 802 |
| 30. | April 15, 2003 correspondence from Daniel Ford to Ed Dzialo. | | |
| 31. | May 7, 2003 correspondence from Daniel Ford to Ed Dzialo. | Relevance Hearsay | 402, 403 801, 802 |
| 32. | March 12, 2007 Order Appointing Umpire. | | |
| 33. | March 26, 2007 correspondence from umpire to appraisers. | Relevance Hearsay | 402, 403 801, 802 |
| 34. | April 3, 2007 correspondence from Robert Ross to umpire. | Relevance Hearsay | 402, 403 801, 802 |
| 35. | May 19, 2007 correspondence from Mike England to umpire. | Relevance Hearsay | 402, 403 801, 802 |
| 36. | January 28, 2008 correspondence from umpire to Mike England. | Relevance Hearsay | 402, 403 801, 802 |
| 37. | Appraisal Award. | | |
| 38. | February 18, 2008 correspondence from umpire to counsel. | Relevance Hearsay | 402, 403 801, 802 |

| 39. | Photographs of truck taken by Southwest Claims. | | |
|---|---|---|---|
| 40. | Appraisal from Hugh Currey. | | |
| 41. | Title documents and history on truck from Oklahoma Tax Commission. | Relevance<br>Hearsay | 402, 403<br>801, 802<br>Same as #41 |
| 42. | Sales contract for truck. | Relevance<br>Hearsay | 402, 403<br>801, 802 |
| 43. | July 31, 2008 Application for Replacement Title. | Relevance<br>Hearsay<br>Ownership not a question | 402, 403<br>801, 802<br>Camden Fire Ins. Ass'n v. Walker et. al. 238 P.462 (Okl. 1925) |
| 44. | Repo title and supporting documents. | Relevance<br>Hearsay | 402, 403<br>801, 802 |
| 45. | Plaintiff's responses to written discovery. | Relevance<br>Hearsay | |
| 46. | Check for amount of appraisal award. | Relevance<br>Hearsay<br>Compromise | 402, 403<br>801, 802<br>408 |
| 47. | All exhibits listed by plaintiff not objected to. | | |

7.  **WITNESSES**: The following exclusionary language **MUST** be included:

Unlisted witnesses in chief will not be permitted to testify unless, by order of the court, the final pretrial order is amended to include them.

    A.    <u>Plaintiff</u>:

| **Name** | **Address** | **Proposed Testimony** |
|---|---|---|
| Ray Cunningham<br>President Regional Air, Inc. | c/o Plaintiff's Counsel<br>802 SW "C" Avenue<br>Lawton, Oklahoma | Deposed |
| James A. Little | 4867 S. Sheridan, Suite 703<br>Tulsa, OK 74145 | Deposed |
| Ron Watts | Southwest Claims<br>1718 NW Cache Road<br>Lawton, OK 73507 | Evaluation of damages to Plaintiff's truck. |

| Hugh Currey | 430 A<br>Faxon, OK | Inspection of 2000 Volvo tractor and estimate of damages. |
|---|---|---|
| Glen Alford | Alford's Truck Service<br>1015 SE 2nd Street<br>Lawton, OK 73501 | Storage expenses and condition of 2000 Volvo tractor. |
| Records Custodians necessary for the introduction into evidence of any documents on Plaintiff's exhibit list. | | |
| Any witness endorsed by Defendant and not objected to. | | |
| Any witness identified through ongoing discovery. | | |

B.  <u>Defendant</u>:

| **Name** | **Address** | **Proposed Testimony** |
|---|---|---|
| George Patrick | Canal Insurance Company<br>P.O. Box 7<br>Greenville, South Carolina | Deposed |
| Ray Cunningham | P.O. Box 1469<br>Lawton, Oklahoma | Deposed |
| Mike England | P.O. Box 1773<br>Shreveport, Louisiana | Deposed |
| Mark Oldham | P.O. Box 20826<br>Oklahoma City, Oklahoma | Deposed |
| Ron Watts | P.O. Box 1677<br>Lawton, Oklahoma | Documents in Southwest Claims' file |
| Tim Poe | Shreveport, Louisiana | Standard practice of Rush Peterbilt regarding checking engines on damaged trucks. |
| Records custodians as necessary to identify and authenticate documents. | | |

| All of Plaintiff's witnesses to the extent not objected to. | | |
|---|---|---|

8.  **ESTIMATED TRIAL TIME:**

    A.  Plaintiff's Case:    ___1 day___

    B.  Defendant's Case:    ___1 day___

9.  **BIFURCATION REQUESTED:**         Yes _____         No __X__

    Defendant's previous request for bifurcation was rendered moot by Court's rulings.

10. **POSSIBILITY OF SETTLEMENT:**

    Good _____         Fair ___X___         Poor _____

   All parties approve this report and understand and agree that this report supersedes all pleadings, shall govern the conduct of the trial, and shall not be amended except by order of the Court.

_____
Edward W. Dzialo, Jr. OBA #2579
802 SW "C" Avenue – P.O. 29
Lawton, OK 73502
Telephone:  (580) 353-6700
Facsimile:  (580) 353-2900
ewd@gmdde.com
Counsel for Plaintiff

_____
Harris A. Phillips, OBA No. 14134
Niemeyer, Alexander, Austin & Phillips
300 N. Walker
Oklahoma City, OK 73102
Telephone:  (405) 232-2725
Facsimile:  (405) 239-7185
E-Mail: harrisphillips@niemeyerfirm.com
Counsel for Defendant